IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERDANTZ HOLDINGS, LLC**　　　　　　　　　　　　　　　　　　**PLAINTIFF**

v.　　　　　　　　　　　　　　　　CAUSE NO. 1:25-cv-115-LG-RPM

**ADVANCED EXPLORATION
SOLUTIONS, INC.; ERICK MOSTELLER,**
*Individually*; **RALPH THOMPSON,**
*Individually*; **JOHN AND JANE DOES 1–10;**
**ACME COMPANIES 1–10**　　　　　　　　　　　　　　　　**DEFENDANTS**

### ORDER DISMISSING CIVIL ACTION FOR
### LACK OF SUBJECT-MATTER JURISDICTION

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. For the reasons that follow, the Court finds that Plaintiff Verdantz Holdings, LLC has not carried its burden of demonstrating that federal subject-matter jurisdiction exists over this dispute. This matter should be dismissed without prejudice for lack of subject-matter jurisdiction.

### BACKGROUND

Plaintiff filed its [4] Amended Complaint on April 18, 2025, naming as Defendants Advanced Exploration Solutions, Inc.; Erick Mosteller; Ralph Thompson; John and Jane Does 1–10; and Acme Companies 1–10. Plaintiff invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The Amended Complaint and subsequent filings provided no information concerning the citizenship of the fictitious defendants.

On October 30, 2025, the Court entered a Text Order requiring Plaintiff to file an Amended Complaint to establish federal subject-matter jurisdiction. *See* Text Order, Oct. 30, 2025. The Court explained that Plaintiff's failure to allege the fictitious defendants' citizenship was insufficient to establish the existence of diversity jurisdiction. *See id.* (citing *Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016), and *Pezzarossi v. Sherwin-Williams Co.*, No. 1:22cv3-HSO-RHWR, 2022 WL 586763 (S.D. Miss. Feb. 25, 2022)). The Court warned that "if Plaintiff does not file an Amended Complaint by November 13, 2025, that adequately addresses the parties' citizenship, the Court will sua sponte dismiss this action for lack of subject-matter jurisdiction." *Id.* (citation modified). Plaintiff did not file an amended complaint pursuant to the Court's Text Order.

## DISCUSSION

Federal courts have limited jurisdiction authorized by the Constitution and statute; federal courts cannot confer jurisdiction upon themselves through judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking a federal court's jurisdiction has the burden of establishing jurisdiction. *Id.* The basis of jurisdiction cannot be established argumentatively or by mere inference. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (remanding where defendant's citizenship had not been sufficiently pleaded for diversity purposes). "A federal court must always satisfy itself that it has jurisdiction. . . . The court cannot proceed unless it makes an

independent determination that it has jurisdiction." *Riley v. Bondi*, 606 U.S. 259, 273 (2025) (citation modified).

Section 1332 provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (citation modified). Where jurisdiction is based on an allegation of diversity of citizenship, the citizenship of the parties must be "distinctly and affirmatively alleged." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

Based on the present record, the Court cannot determine whether there is complete diversity of citizenship between the fictitious defendants and Plaintiff. Plaintiff "does not allege any facts that indicate that" the fictitious defendants are diverse. *See Richard*, 638 F. App'x at 410. Plaintiff does not allege the fictitious Acme Companies 1–10s' principal places of business nor state(s) of incorporation. *See Pezzarossi*, 2022 WL 586763, at *2. Plaintiff's failure to file an amended complaint with facts alleging the fictious defendants' citizenship results in Plaintiff failing its burden to establish the Court's jurisdiction. *See Kokkonen*, 511 U.S. at 377. The Court must dismiss this case for lack of subject-matter jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A

-4-

separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

    **SO ORDERED AND ADJUDGED** this the 15th day of November, 2025.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE